**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JORGE FUENTES, | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | Civil No. 07-2336 (RBK) |
| v. | : |  |
| CHARLES E. SAMUELS, JR., | : | **O P I N I O N** |
| Respondent. | : |  |

**APPEARANCES:**

    JORGE FUENTES, #11043-052
    F.C.C. Coleman (Medium)
    P.O. Box 1032
    Coleman, Florida 33521-1032
    Petitioner Pro Se

    JOHN ANDREW RUYMANN, ASSISTANT UNITED STATES ATTORNEY
    CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
    402 East State Street, Room 430
    Trenton, New Jersey  08608
    Attorney for Respondents

**KUGLER**, District Judge

    Jorge Fuentes, an inmate currently confined at FCC Coleman in Florida, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") determination that he is not eligible for the Residential Drug Abuse Program ("RDAP") and, therefore, the early release incentive pursuant to 18 U.S.C. § 3621(e)(2)(B).[1]  This Court ordered Respondents to file an answer, but in response to Respondents' letter request, permitted

---

[1] Petitioner was incarcerated at FCI Fort Dix in New Jersey when he filed the Petition.

Respondents to file a motion to dismiss the Petition for failure to exhaust administrative remedies. Respondents filed the motion to dismiss on July 17, 2007, together with the declaration of Rosalind Bingham and several exhibits. Respondents argue that the claim is unexhausted because, although Petitioner pursued the first two steps of the three-step Administrative Remedy Program, the Petitioner did not appeal to the Central Office. Petitioner filed a response arguing that exhaustion of the third step of the BOP's Administrative Remedy Program should be excused because, as a result of a transfer, he did not receive the second step decision until it was too late to appeal. Respondents filed a reply arguing that dismissal for failure to exhaust is warranted.

Having thoroughly examined the submissions of the parties, and pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court will deny the motion to dismiss and direct Respondents to show cause why the writ should not be granted. See 28 U.S.C. § 2243.

## I.  BACKGROUND

Petitioner challenges the BOP's decision that he is not eligible for admission to the RDAP. See 18 U.S.C. § 3621(a) and (e). Respondents filed a motion to dismiss the Petition for failure to exhaust the third step of the BOP's three-step Administrative Remedy Program. Petitioner opposes dismissal of the Petition for failure to exhaust administrative remedies, arguing that his failure to appeal to the Central Office should be excused.

The undisputed facts are as follows. Petitioner is serving a 92-month sentence imposed by the United States District Court for the Northern District of New York on June 27, 2003, based on his conviction for possession with intent to distribute more than 500 grams of cocaine. See United States v. Fuentes, Crim. No. 01-0542 (TJM) judgment (N.D.N.Y. June 30, 2003).

2

According to the docket in this case, the judgment provides that defendant shall undergo substance abuse evaluation/testing/treatment. Id.  With good conduct time, Petitioner's projected release date is December 18, 2009.

On January 26, 2007, Dr. Stacey Marantz/S. Hart, officials at FCI Fort Dix, New Jersey, issued a determination that Petitioner is not eligible to participate in the RDAP because the "PSI does not support a substance abuse/dependence diagnosis." (Pet., attachment at p. 17.)  On April 4, 2007, Petitioner submitted an administrative remedy request (BP-9) challenging denial of his informal remedy seeking eligibility.  Petitioner asserts in the request for administrative remedy that, since his use of alcohol is documented in his Pre-Sentence Investigation Report ("PSI"), he is eligible for the RDAP under Program Statement 5330.10.  On April 23, 2007, Warden Charles E. Samuels, Jr., denied the BP-9 administrative remedy request as follows:

> According to Program Statement 5330.10, Drug Abuse Programs, Chapter 5, regarding eligibility for the RDAP, an inmate must have a verifiable documented drug abuse problem.  This is determined by first conducting the Residential Drug Abuse Program Eligibility Interview.  The interview must indicate that the inmate meets the diagnostic criteria for substance abuse or dependence indicated in the Diagnostic and Statistical Manual of the Mental Disorders, Fourth Edition (DSM-IV.  According to the DSM-IV, in order to receive a diagnosis of substance abuse or dependence, substance use must have occurred within the last 12-month period.  Since you are currently incarcerated, substances are not presently available to you.  The last 12-month period during which substances were available to you were the 12 months prior to your incarceration.  For you, this period was 6-27-2002 to 6-27-2003.  Additionally, Program Statement 5330.10 states that the diagnostic impression arrived at during the Residential Drug Abuse Program Eligibility Interview must be supported by information in your Central File.  Therefore, your Central File must indicate you were using substances during the last 12 months prior to your incarceration.

> Paragraph 88 of your Presentence Investigation (PSI) states that "The defendant stated he consumes alcohol on a social basis, such as two to three beers or glasses of wine on the weekends. He related that he does not drink to excess." Paragraph 89 of your PSI states "Fuentes reported that he has never used any illicit drugs, and has not participated in any form of drug treatment."
>
> In cases in which the PSI does not include corroborating information, inmates are allowed to present information from a treatment provider in the community. You presented the Drug Abuse Program Coordinator (DAPC) with a copy of your court transcripts from your sentencing proceedings. You were informed that this was not sufficient documentation to corroborate your eligibility interview. You were informed in January 2007 that the DAPC would assist you in obtaining supplemental documentation from a treatment provider or doctor treating you for substance use while you were in the community. You declined indicating you were not in treatment (as supported by your PSI). *Copies of court transcripts therefore are not sufficient evidence of a diagnosis of substance abuse/dependence. Since your alcohol consumption was limited to social use within the last year prior to incarceration, as documented in your PSI, you do not fit the diagnostic criteria for alcohol abuse or dependence*. [emphasis added] You are therefore not eligible for admission to the RDAP.

(Response of Charles E. Samuels, Jr., dated April 23, 2007, in Remedy No. 448328-F1)

(Declaration of Rosalind Bingham, Exhibit 3.)

Petitioner filed an appeal (BP-10) to the Regional Director of the BOP. On June 6, 2007, Regional Director D. Scott Dodrill denied the appeal on the ground that social drinking does not satisfy the requirement that there be documentation of substance abuse during the 12 months prior to incarceration. Specifically, he determined as follows:

> A review of your appeal reveals admission to a residential treatment program is based on an applicant's self-report of a drug addiction and documentation of a substance use problem in the applicant's Pre-Sentence Report (PSR), or in verifiable clinical records. In addition, the applicant just meet the diagnostic criteria for substance abuse set forth in the Diagnostic and Statistical

4

> Manual of the Mental Disorders, Fourth Edition (DSM-IV). The DSM-IV also provides that the substance abuse must be during the target period of the last twelve consecutive months in the community.
>
> Your target period is the last year you spent in the community prior to your incarceration on June 27, 2003. In your PSR, only "social" drinking is mentioned during this period. In addition, you have presented no evidence you received treatment specifically for a substance use disorder during the target period. We find staff thoroughly reviewed your case and correctly determined you do not meet the admission criterial for the RDAP. Your Judge's recommendation for drug counseling has been satisfied with your completion of the Drug Education class. Your request for additional counseling can be satisfied with your enrollment in nonresidential treatment. Accordingly, your appeal is denied.
>
> If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

(Response of D. Scott Dodrill dated June 6, 2007) (Declaration of Rosalind Bingham, Exhibit 5.)

The Public Information Inmate Data for Petitioner dated July 17, 2007, shows that on June 8, 2007, the BOP admitted Petitioner to an in-transit facility for transfer. (Public Information Data for Jorge Fuentes, dated July 17, 2007) (Petitioner's Response, attachment at p. 14.) On July 6, 2007, the BOP released Petitioner from an in-transit facility and designated him at FCC Coleman Medium in Florida. (Id.)

In the meantime, Petitioner signed the § 2241 Petition presently before this Court on May 15, 2007. The Clerk received it on May 18, 2007. Petitioner challenges the BOP's determination that he is not eligible for the RDAP because his Central File does not document substance abuse during the year ending June 27, 2003. (Pet. ¶ 13.) Petitioner asserts that, since

he is challenging the Central Office's unwritten policy of requiring documentation of substance abuse (rather than use) during the 12-month period before incarceration, further exhaustion of administrative remedies would be futile.  (Id. ¶ 12.)  Petitioner maintains that, since "many individuals with dependence minimize the extent of their substance abuse[, t]he Program Statement requires only written documentation that the inmate <u>used</u> the substance(s) for which he or she now seeks treatment.  Petitioner's PSI indicates that he drank alcohol, this documentation of use <u>shall</u> be accepted, and no additional verification in the file is required."  (Id. ¶ 21.)  In addition, Petitioner asserts that, during the RDAP interview, he indicated "that he had been using drugs and alcohol since he was a teenager.  He also indicated that he had attended a 28-day residential substance abuse program on or about the year 1999 in Wackenhut Work Release Center, in Broward County, Florida as mandated by a Broward Court Judge."  (Id., note 1.)  Petitioner argues that the BOP abused its discretion in denying him eligibility because he satisfies the express requirement for documentation that is set forth in Program Statement 5330.10.  (Id. ¶ 24-25.)

On May 24, 2007, this Court ordered Respondents to file an answer, together with all documents relating to Petitioner's claim.  In response to a letter from the United States Attorney's Office, on July 9, 2007, this Court granted Respondents' letter request for permission to file the answer under seal and extended the time to answer.  In a letter filed July 13, 2007, Respondents requested permission to file a motion to dismiss the Petition for failure to exhaust administrative remedies.  This Court granted the request on July 16, 2007, and stayed the requirement that Respondents file an answer pending a decision on the motion to dismiss.

On July 17, 2007, Respondents filed a motion to dismiss the Petition, together with a Memorandum of Law, the declaration of Rosalind Bingham and Exhibits 1 to 5.  Respondents argue that this Court should dismiss the Petition because Petitioner failed to complete the third step of the BOP's Administrative Remedy Program by failing to appeal the Regional Director's Response, dated June 6, 2007, to the Central Office of the BOP.  Respondents contend that the failure to exhaust should not be excused because "Petitioner cannot assume that exhaustion would be futile or that the Central Office would not be able to provide additional expertise concerning the application of the BOP-wide RDAP eligibility criteria at issue."  (Mem. at p. 8.)

On August 8, 2007, Petitioner filed a response in opposition to the motion to dismiss and several exhibits.  Petitioner argues that the failure to appeal to the Central Office should be excused because "the delays in the filing of the last and final appeal and the expiration of time to do so was beyond the control of the Petitioner, and therefore Petitioner should not be penalized for an act beyond his control and was not his fault."  (Petitioner's Response at p. 4.)  As support, he asserts: "On or about June 6, 2007, the regional director denied Petitioner's appeal.  Petitioner was unaware that his appeal had been denied because on the 8th day of June 2007 Petitioner was transferred to another FCI located in Coleman Fl., and the receipt of the response from Petitioner's appeal was due to arrive at FCI Fort Dix on or about June 9, 2007.  Furthermore, the Response from the regional appeal never caught up with Petitioner to well after the expiration of his time to file an appeal to the National appeals administrator in the central office of the BOP."  (Id. at p. 3.)  The following documents are attached to Petitioner's Response:   Public Information Inmate Data as of 07-17-2007 for Petitioner; document dated June 3, 2007, in which BOP staff acknowledges that an excerpt of Petitioner's sentencing transcript is in his Central

File; and a certified copy of an Excerpt Transcript of Sentencing Proceedings in United States v. Fuentes, Crim. No. 01-0542 transcript excerpt (N.D.N.Y. June 27, 2003).  The excerpt of the Sentencing Transcript shows that Petitioner made the following statement before United States District Judge Thomas J. McAvoy on June 27, 2003:

> Well, first of all, in the past I never thought I would be involved with any type of drugs, drug case especially, when it comes to an income.  I was tempted, lured into that.  I was overwhelmed by it.  It was a short time.  I saw it as a big mistake and pretty much, if I can turn back time, I never would have got involved.  Pretty much most recent conduct has a lot to do with me being depressed, anxiety of the case, the family, not knowing which direction my life is going to go in.  Early December last year I took matters in a different direction, that's when I started drinking heavily and I never wanted to admit it before but now I'm admitting to it.  And basically I want you to know that I was just a spoke in a big wheel caught up and I ask that you have mercy.

United States v. Fuentes, Crim. No. 01-0542 transcript, p. 4 (N.D.N.Y. June 27, 2003).

On August 21, 2007, Respondents filed a memorandum in response to Petitioner's submission.  Respondents argue that Petitioner's failure to appeal to the Central Office should not be excused because Petitioner should have filed an untimely appeal.

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions
>
>         . . . .

> (c) The writ of habeas corpus shall not extend to a prisoner unless–
> . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner seeks not to vacate or correct his sentence, but to challenge the BOP's determination that he is not eligible for the RDAP and, therefore, the early release incentive pursuant to 18 U.S.C. § 3621(e)(2)(B). See Woodall v. Fed. Bureau of Prisons, 432 F. 3d 235, 241-44 (3d Cir. 2005); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991); 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b (3rd ed. 1998). Moreover, if the BOP incorrectly determined his eligibility, this error carries a potential for a miscarriage of justice that can be corrected through habeas corpus. See Murray v. Carrier, 477 U.S. 478, 495 (1986); Barden, 921 F.2d at 479.

B. Administrative Exhaustion

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir.

9

1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under § 2241 for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato v. Federal Bureau of Prisons, 98 F. 3d 757, 761-62 (3d Cir. 1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

The BOP's Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement," except tort claims, inmate accident compensation claims, and Freedom of Information or Privacy Act requests. See 28 C.F.R. §§ 542.10, 542.12(b). To exhaust an administrative remedy, an inmate must initially attempt to informally resolve the issue with staff by submitting a BP-8. See 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counselor)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. See 28 C.F.R. 542.14. The Warden is required to respond within 20 calendar days, but the inmate "may consider the absence of a response" within 20 days or 40 days, if the inmate has been informed in writing of the need for an extension, to be a denial. Id. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. See 28 C.F.R. § 542.15(a). The

inmate may appeal to the General Counsel in the Central Office on a BP-11 within 30 days of the date the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id.

In this case, Petitioner filed an Informal Request for Administrative Remedy, a Request for Administrative Remedy, and an appeal to the Regional Director, which were all denied on the ground that Petitioner's Central File did not document substance abuse during the 12 months prior to his incarceration on June 27, 2003. Petitioner contends that exhaustion to the third level should be excused where (1) he did not receive the Regional Director's June 6, 2007, decision within the time to file a timely appeal, since he was in transit from New Jersey to Florida, and (2) appeal to the Central Office was futile because the BOP denied RDAP eligibility based on its unwritten policy of going beyond the applicable program statement to require documentation of substance abuse, rather than use.

This Court finds that Petitioner's failure to exhaust administrative remedies is excused because the purposes of exhaustion would not be served by requiring Petitioner to file an untimely appeal of a denial of eligibility. See Woodall, 432 F. 3d at 239 n.2 ("We agree with the District Court that the purposes of exhaustion would not be served here by requiring Woodall to exhaust his administrative remedies [before the BOP], and we affirm on this matter"); Carmona v. United States Bureau of Prisons, 243 F. 3d 629 (2nd Cir. 2001) ("When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the [cause and prejudice] standard we adopt excuses this failure to exhaust"); Gambino, 134 F. 3d at 171 ("exhaustion is not required when the petitioner demonstrates that it is futile"). This Court will accordingly deny Respondents' motion to dismiss the Petition.

C.  Standard of Review of Petitioner's Claim

Petitioner does not challenge the legality of the BOP's regulation and Program Statement 5330.10, which provide that an inmate is not eligible for the RDAP unless he has "a verifiable documented drug abuse problem." 28 C.F.R. §550.56(a)(1); Program Statement 5330.10, ¶ 5.4.1(a)(1). In essence, the question presented in the Petition is whether the BOP's determination that Petitioner is not eligible for the RDAP under 18 U.S.C. § 3621(b)(5), (e)(1), 28 C.F.R. § 550.56(a), and Program Statement 5330.10 ¶ 5.4.1, was arbitrary and capricious and must be set aside under the Administrative Procedure Act. See 5 U.S.C. § 706(2)(a); Lopez v. Davis, 531 U.S. 230, 240 (2001); Edwards v. United States, 41 F.3d 154, 156 (3d Cir. 1994).

The APA requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).[2] A reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious. See C.K. v. N.J. Dep't of Health & Human Services, 92 F.3d 171, 182 (3d Cir. 1996); see also Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 414 (1971) ("agency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' ...."), overruled on other grounds, Califano v. Sanders, 430 U.S. 99 (1977) (quoting 5 U.S.C. § 706(2)(A)). "[T]he agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mutual Auto. Ins., 463 U.S. 29,

---

[2] See Lopez, 531 U.S. at 240 (BOP may categorically exclude inmates from eligibility for early release, subject to its obligation to interpret statute in manner that is not arbitrary and capricious, see 5 U.S.C. § 706(2)(A)).

43 (1983) (citation and internal quotation marks omitted); accord Bowman Transp., Inc. v. Arkansas-Best Freight System, 419 U.S. 281, 285 (1974).

To make this finding that agency action was not arbitrary or capricious, a court must review the administrative record that was before the agency at the time of the decision, and "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . .  Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one.  The Court is not empowered to substitute its judgment for that of the agency." Overton Park, 401 U.S. at 416.  Reversal of agency action is required, however, "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if [the court] simply cannot evaluate the challenged agency action on the basis of the record before [it]." C.K., 92 F.3d at 184 (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).

D.  RDAP Eligibility Criteria

The BOP found Petitioner ineligible for the RDAP because he did not have a verifiable documented substance abuse problem where his PSI documented social alcohol use, rather than alcohol abuse, during the 12 months before incarceration on June 27, 2003.  This Court will review the relevant statute, regulations and Program Statement governing eligibility for the RDAP.

Congress requires the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines h as a treatable condition of substance addiction or abuse," 18 U.S.C. § 3621(b)(5).  Congress authorized such sums as may be necessary to carry out this

13

requirement through the year 2011.  See 18 U.S.C. § 3621(e)(4).  To carry out this mandate, the statute further provides:

> (e) **Substance abuse treatment**.--
>
> **(1) Phase-in.**–In order to carry out the requirement of the last sentence of subsection (b) of this section, that every prisoner with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment, the Bureau of Prisons shall . . . provide residential substance abuse treatment (and make arrangements for appropriate aftercare) . . . for all eligible prisoners by the end of fiscal year 1997 and thereafter, with priority for such treatment accorded based on an eligible prisoner's proximity to release date.

18 U.S.C. § 3621(e)(1)(C).

The statute defines "eligible prisoner" as a prisoner who is "(i) determined by the Bureau of Prisons to have a substance abuse problem; and (ii) willing to participate in a residential substance abuse treatment program."  18 U.S.C. § 3621(e)(5)(B).

The BOP adopted a regulation setting forth the eligibility criteria for the RDAP, which provides, in relevant part:

> (a) Eligibility.  An inmate must meet all of the following criteria to be eligible for the residential drug abuse treatment program.
>
> > (1) The inmate must have a verifiable documented [substance] abuse problem.
> >
> > (2) The inmate must have no serious mental impairment which would substantially interfere with or preclude full participation in the program.
> >
> > (3) The inmate must sign an agreement acknowledging his/her program responsibility.
> >
> > (4) Ordinarily, the inmate must be within thirty-six months of release.

>       (5) The security level of the residential program institution
>       must be appropriate for the inmate.

28 C.F.R. § 550.56(a).

Neither the statute nor the regulation defines "verifiable documented [substance] abuse problem." However, the BOP's Program Statement 5330.10 defines verifiable documented substance abuse problem as follows:

> **Eligibility. An inmate must meet all the following criteria to be eligible for the residential drug abuse treatment program**.
>
> **(1) The inmate must have a verifiable documented drug abuse problem**. Drug abuse program staff shall determine if the inmate has a substance abuse disorder by first conducting the <u>Residential Drug Abuse Program Eligibility Interview</u> followed by a review of all pertinent documents in the inmate's central file to corroborate self-reported information. The inmate must meet the diagnostic criteria for substance abuse or dependence indicated in the <u>Diagnostic and Statistical Manual of the Mental Disorders, Fourth Edition, (DSM - IV)</u>. This diagnostic impression must be reviewed and signed by a drug abuse treatment program coordinator.
>
> Additionally, there must be verification in the Presentence Investigation (PSI) report or other similar documents in the central file which supports the diagnosis. Any written documentation in the inmate's central file which indicates that the inmate <u>used</u> the <u>same substance</u>, for which a diagnosis of abuse or dependence was made via the interview, shall be accepted as verification of a drug abuse problem.

Program Statement 5330.10 ¶ 5.4.1(a)(1) (emphases in original).

In this case, the BOP determined that Petitioner does not satisfy the eligibility requirement that he "must have a verifiable documented [substance] abuse problem," 28 C.F.R. § 550.56(a)(1), because it found no documentation of a substance abuse problem in Petitioner's Pre-Sentence Report or in verifiable clinical records during the last year he spent in the

15

community prior to his incarceration on June 27, 2003. (Response of D. Scott Dodrill, Regional Director, dated June 6, 2007.) The Regional Director and Warden concluded that neither the documentation of Petitioner's weekend social drinking in the PSI nor his admission of an alcohol problem at sentencing satisfies Program Statement 5330.10 ¶ 5.4.1(a)(1).[3]

Petitioner argues that the BOP abused its discretion in finding that he was not eligible for the RDAP on the ground that his Central File did not contain the documentation required by Program Statement 5330.10. First, Petitioner contends that, to the extent Program Statement 5330.10, ¶ 5.4.1(a)(1) requires the Central File to contain documentation of substance abuse (as opposed to use) during the 12 months prior to incarceration, his Central File contains this documentation. Specifically, Petitioner refers to the certified excerpt from his sentencing transcript dated June 27, 2003, which BOP staff has acknowledged is contained in his Central File. This transcript shows that Petitioner admitted at sentencing that he had been having a drinking problem since December 2002, which "I never wanted to admit . . . before but now I am admitting to it." United States v. Fuentes, Crim. No. 01-0542 transcript at p. 4 (N.D.N.Y. June 27, 2003).

Alternatively, Petitioner maintains that Program Statement 5330.10, ¶ 5.4.1(a)(1) does not require documentation of substance abuse, but expressly provides that "[a]ny written

---

[3] Specifically, ¶ 88 of the PSI states that "[t]he defendant stated he consumes alcohol on a social basis, such as two to three beers or glasses of wine on the weekends. He related that he does not drink to excess." (Response of Charles E. Samuels, Jr., dated April 23, 2007.) Paragraph 89 of Petitioner's PSI states "Fuentes reported that he has never used any illicit drugs, and has not participated in any form of drug treatment." (Id.). This latter statement is contradicted by the Petitioner's assertion in the Petition that "During the DSM-IV interview, petitioner indicated to RDAP staff that he had been using drugs and alcohol since he was a teenager. He also indicated that he had attended a 28-day residential substance abuse program on or about the year 1999." (Pet., note 1.)

documentation . . . which indicates that the inmate <u>used</u> the <u>same substance</u>, for which a diagnosis of abuse or dependence was made via the interview, shall be accepted as verification of a [substance] abuse problem." Program Statement 5330.10, ¶ 5.4.1(a)(1). He argues that his Central File contains such documentation where, in addition to the sentencing transcript, his PSI documents that he used alcohol on the weekends during the target period. See <u>Kuna v. Daniels</u>, 234 F. Supp. 2d 1168, 1169 (D. Or. 2002) (where petitioner admitted to the probation officer who prepared the PSI that "he drank socially," the BOP abused its discretion by denying eligibility based on failure to document abuse, where Program Statement 5330.10 expressly provides that written documentation that the inmate <u>used</u> the substance for which he or she now seeks treatment satisfies documentation criterion; "Use, not self-reporting of abuse, provides sufficient documentation given that many individuals with dependencies minimize the extent of their substance abuse"); <u>accord</u> <u>Salvador-Orta v. Daniels</u>, __ F. Supp. 2d __ 2008 WL 223254 *3 (D. Or. Jan. 25, 2008) ("There is nothing stated in P.S. 5330.10 that requires verification in the inmate's central file of 'abuse or dependence'"); <u>Smith v. Vazquez</u>, 491 F. Supp. 2d 1165, 1167 (S.D. Ga. 2007) ("this Court concurs with the Magistrate Judge's determination that the BOP's 'practice' of requiring proof of substance abuse within twelve months of some specific event is an impermissible interpretation of the statute [and] program statement, which is unambiguous in its instruction that . . . 'any written documentation in the inmate's central file which indicates that the inmate used the same substance, for which a diagnosis of abuse or dependence was made via the interview, *shall* be accepted as verification of a [substance] abuse problem'"); <u>Mitchell v. Andrews</u>, 235 F. Supp. 2d 1085 (E.D. Cal. 2001) (where 18 U.S.C. § 3621(e)(5)(B) provides that to be eligible for entry into the RDAP an inmate must have been "determined by the Bureau of

17

Prisons to have a substance abuse problem," and Program Statement 5330.10 provides that "[a]ny written documentation in the inmate's central file which indicates that the inmate used the same substance, for which a diagnosis of abuse or dependence was made via the interview, shall be accepted as verification of a [substance] abuse problem," the BOP's practice of requiring documentation in the Central File of the inmate's having a substance abuse problem during the last 12 months prior to arrest or incarceration was an abuse of discretion); but see Montilla v. Nash, 2006 WL 1806414 *3 (D.N.J. June 28, 2006) (where petitioner's Central File contained no documentation of substance use or abuse during 12-month period immediately preceding incarceration, the BOP did not abuse its discretion in denying eligibility for the RDAP).

### III. CONCLUSION

Based on the foregoing, his Court will deny the motion to dismiss the Petition and direct Respondents to show cause why the writ should not be granted, and the case remanded to the BOP for reconsideration of Petitioner's eligibility for admission to the RDAP. See 28 U.S.C. § 2243. Petitioner may file a reply within 15 days of his receipt of Respondents' papers.

                    s/Robert B. Kugler
                    **ROBERT B. KUGLER, U.S.D.J.**

Dated:    February 14   , 2008